UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN ELOIAN, as Trustee and
Beneficiary, and for the benefit of,
KOBE INDUSTRIES, INC. RETIREMENT
PLAN AND TRUST u/a/d December 31, 1969,
as amended, now know as,
E.J., D.O., PL PROFIT SHARING PLAN,

        Petitioner,

v.                                 Case No.: 8:05-CV-01792-T-17-MAP

MORGAN STANLEY DW, INC.,
A Delaware corporation,

        Respondent.

_____/

## ORDER TO REMAND

The National Association of Securities Dealers, Inc. ("NASD") Arbitration Panel awarded $1.00 in damages without explanation. Petitioner, John Eloian as Trustee and Beneficiary, and for the benefit of, Kobe Industries, Inc. Retirement Plan and Trust u/a/d December 31, 1969, as amended, now know as E.J., D.O., PL Profit Sharing Plan, ("Petitioner") filed a Motion to Vacate or, Alternatively, to Modify Arbitration Award. Petitioner alleges that by rendering an Award of $1.00 in damages to Petitioner, the Arbitrators: (A) manifestly ignored of the law and evidence, (B) violated Florida's public policy, (C) acted in an arbitrary and capricious manner, (D) exceeded their power and authority, and (E) committed an evident material miscalculation of figures. This Court orders that award must be remanded for clarification.

I.    BACKGROUND/ PROCEDURAL HISTORY

Petitioner commenced this action pursuant to Sections 682.13(1)(c), 682.14(1)(a) and 682.17, Florida Statutes, and 9 U.S.C. §§ 6, 10(a)(4) and 11(a) seeking to vacate, or alternatively, to modify the Arbitration Award dated June 30, 2005, entered in arbitration

Case 8:05-cv-01792-T-17-MAP

Case No. 03-07595-FL filed with the National Association of Security Dealers, Inc. ("NASD"). Petitioner alleges that by rendering an Award of $1.00 in damages to Petitioner, the Arbitrators: (A) manifestly ignored of the law and evidence, (B) violated Florida's public policy, (C) acted in an arbitrary and capricious manner, (D) exceeded their power and authority, and (E) committed an evident material miscalculation of figures. Respondent suggests, however, a number of bases on which the arbitrators may have made a smaller award.

In light of confusion surrounding this award, the Court remands this case to the Arbitration Panel for clarification pursuant to 9 U.S.C. § 10(e). *Ainsworth v. Skurnick*, 909 F.2d 456, 457 (11th Cir 1990) ("When an arbitration award can be interpreted in a variety of ways, it is normal to remand for clarification.").

Accordingly, it is

**ORDERED** that this case be remanded for clarification to the original NASD Arbitration Panel and the instant cause of action be administratively closed pending return from arbitration.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 30th day of March 2006.

ELIZABETH KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record

2